WILLIAM MAYFIELD, *et al.* v. LEE BRADLEY, *Sheriff of "D" County*, AND B. F. BURRIS, *Treasurer of "D" County, Oklahoma.*

(Filed September 2, 1897.)

STARE DECISIS. The principles of law enunciated in the case of Gray v. Stiles heretofore decided at this term are re-affirmed.
(Syllabus by the Court.)

*Error from the District Court of "D" County; before John C. Tarsney, District Judge.*

*Houston & Marum,* for plaintiffs in error.

*H. Springston,* for defendants in error.

Injunction to restrain the collection of illegal taxes.

Opinion of the court by

McATEE, J.: This cause came on to be heard in the lower court upon the petition and demurrer' thereto. The petition averred the invalidity of the assessment and valuation of property under and because of the attempted re-assessment and valuation made by the territorial board of equalization in June, 1895, which is complained of and fully set forth in the case of *Gray v. Stiles*, decided at this term.

The per centage which, under the invalid action of the territorial board of equalization, was added to the taxes of the plaintiffs and other tax payers of "D" county, was 50 per cent., thereby doubling the amount of taxes to be collected from the plaintiffs and those in a like station with them in "D" county, under the action of the territorial board of equalization, thus undertaking the functions of assesment and valuation.

The case will be passed upon upon the same principles and for the same reasons as those which are set forth in the case of *Gray v. Stiles*. The case as brought here does, in fact, make the principles and reasoning in *Gray v. Stiles* of much greater force, since the petition averred that the indebtedness of the Territory and of the several counties of the Territory and particularly of "D" county had already reached, if they did not exceed, the 4 per cent. limit prescribed by the laws of the United States, that is, by the federal statute of 1886, by which all indebtedness of any municipality in any territory is rendered invalid beyond 4 per cent. of the last assessment.

That to avoid said 4 per cent. limit upon the indebtedness of said Territory, and counties respectively, and in order to create further indebtedness of said Territory

and of the counties, and to validate debts already in-curred in violation of the said statutes above the said 4 per cent. limit, the said increase of 50 per cent. was pro-posed, and by said board was determined upon, and that the making of such advance was for the purpose of evad-ing the statutory limit of indebtedness as aforesaid.

These declarations of fact having been well pleaded, were, by the demurrer of the defendant, admitted to be true, in as much as they elected, upon the whole face of the petition containing these averments, to stand.

The decision of the district court will be reversed, and the cause will be remanded, with direction for further proceedings in accordance with these views.

Tarsney, J., having presided in the court below, not sitting; Dale, C. J., dissenting; all the other Justices concurring.